684

In the Matter of WALMAR SCREEN
PRINTING CO., Inc., Debtor.
No. 55275.

United States District Court
E. D. New York.
Oct. 20, 1959.

Sylvester & Harris, New York City, for petitioner.

Chester A. Lessler, New York City, for debtor.

BYERS, District Judge.

In this Chapter X proceeding, the Landlord of the premises occupied by the Debtor in possession seeks by this motion to establish for allowance as an administration expense—as exterior to the order confirming the plan—a total sum of $5,120.68, made up of several items later to be enumerated. The Debtor opposes the motion, and seemingly the creditors' committee has not been cited on the application.

The court is not satisfied that the issues can be disposed of on the affidavits pro and con, and therefore a hearing will be required of which the creditors' committee is to have due and timely notice.

The issues to be determined are the following:

1. The actual date of removal from the premises of the Debtor. That seems to be in dispute, but ought to be clarified by the testimony. It involves not only the rent as reserved in the lease (which Debtor was directed to pay for use and occupation) for the term beginning October 1, 1956, but also charges for steam and other services, the payment of which were assumed by the tenant. The various items must be clearly shown to sup-

port petitioner's brief at page 3, that they amount to $663.40 and $102.28 for a total of $765.68.

2. (a) Whether any sum is so payable as an incident to the duties assumed by the Debtor in possession, arising under paragraph 28 of the lease which provides:

"28. Upon the expiration or other termination of the term of this lease, the Tenant shall quit and surrender to the Landlord the demised premises, broom clean, in good order and condition, ordinary wear excepted, and the Tenant shall remove all of its property. The Tenant's obligation to observe or perform this covenant shall survive the expiration or other termination of the term of this lease."

(b) If such a sum is payable as an administration expense, what is the fair and reasonable amount thereof?

As to (a) the Debtor insists that any such obligation is a general creditor's claim in this proceeding, and is to be liquidated accordingly. The main support for this contention is an agreement between these parties, dated April 8, 1959 (during the pendency of the proceeding) the presently material part of which is:

"Whereas, the Tenant is desirous of terminating the lease (dated the 5th day of July 1956) * * *

* * * * * *

"3. Landlord and Tenant agree that upon termination of Tenant's occupancy of the demised premises and the acceptance of the surrender thereof by the Landlord they shall mutually release one another and their successors and assigns from any and all obligations under the lease."

The foregoing would seem to apply to obligations arising from and after surrender; if that is not the obvious meaning, the Debtor is required so to demonstrate.

The issue arises because of the Debtor's failure to "broom clean" i. e., to surrender the premises in a condition fit for occupancy; had the Debtor performed that duty, it would have listed the cost in making its accounting to the court. Obviously it could not continue to occupy the premises and carry on its business in order to enable it to present a plan acceptable to creditors, and thus add to the accumulation of refuse, and then inform the Landlord at surrender, that the latter's claim for breach of the quoted clause in the lease could only be regarded as a breach of contract claim in the Chapter X proceeding. Such an attitude would offend the equitable nature of any bankruptcy proceeding. If the foregoing is true, it follows that the cost actually assumed in this case by the Landlord, was incurred not on its own behalf but for the account of the Debtor, for which it is to be reimbursed.

The agreement which has been quoted is consistent only with the recognition by the Debtor that its continued occupancy was governed as to the legal incidents of the Debtor's continued possession, by the terms of the lease; otherwise the lease would not in effect have been projected until thirty days after the date of an order confirming the then pending plan. Moreover, there is evidence in the motion papers that surrender was never accepted by the Landlord.

The Debtor has been accorded the opportunity to file a brief to sustain the proposition that the cost of removing a very considerable accumulation of refuse from the demised premises, is not properly a cost of administration, but has failed to do so. Unless this court can be shown reason or authority for not so deciding, the claim will be entertained on the theory that this item is allowable as such a cost.

As to (b), the proof of the correct amount however is another thing. When the Tenant moved out, it should have been notified of the necessity for living

up to paragraph 28 of the lease, and that the Landlord proposed to let a contract to the lowest bidder who would undertake the work, unless the Debtor should promptly supply a performing agency of its own. Before giving out such a contract, the Debtor should have been notified of the lowest bid. Instead of following that course, the Landlord seems to have hired one of its own subsidiary companies to do the work. The invoices furnished to the court to vindicate a charge of $2,355 are unintelligible in the absence of supporting testimony.

The additional items, two of $1,000 each, are for further cost in rendering the premises fit for occupancy, and for loss of rental for a period of three weeks after actual removal. These items cannot be allowed on the present showing. Whether they can be sustained by proof can be ascertained only after hearing.

Recurring to the agreement of April 8, 1959, the portion omitted from the above quotation has to do with a deposit made by the Debtor with the Landlord of $400.00 to cover the cost of removing part of a wall and window to enable the Debtor to remove a certain machine and other heavy machinery; it is assumed that otherwise the desired removal could not be accomplished as contemplated by paragraph 28 of the lease. Obviously the cost involved devolved upon the Debtor in succession to itself as Tenant. A deposit of $400 was to apply to the actual cost of the work as performed, and hence the Landlord must be prepared with competent proof on this subject, to demonstrate whether the Debtor is entitled to a credit in that connection.

The petitioner's motion is granted to this extent: The claim is deemed to be proper for examination by the court, and a hearing in connection therewith is to be held on notice to the Debtor and the Creditors' Committee, at a time to be set by the court.

Settle order.